UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-8830 FMO (AGRx) | Date | July 14, 2020 |
|---|---|---|---|
| Title | AdoreMe, Inc. v. Daniel Giovanni Watson | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|

| Vanessa Figueroa | None Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order Re: Motion for Default Judgment [23]

Having reviewed and considered plaintiff AdoreMe, Inc.'s ("plaintiff" or "Adore Me") Motion for Default Judgment, (Dkt. 23, "Motion"), against Daniel Giovanni Watson ("defendant" or "Watson"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

On October 15, 2019, plaintiff filed a Complaint against defendant asserting claims for trademark infringement and false advertising under federal and state law, and an unfair business practices claim under state law. (See Dkt. 1, Complaint at ¶¶ 45-76). Plaintiff alleges that defendant operates a phishing scam through which he "preys on unsuspecting women by (a) posing as a talent scout for Adore Me; (b) impersonating Lindsey Hayes Kroeger ('Ms. Kroeger') – a well-respected talent scout – and/or pretending to be affiliated with her; and (c) using, unlawfully and without authorization, Adore Me's name, trademark, and reputation to obtain nude and intimate photographs from women." (Id. at ¶ 1). To date, defendant has neither appeared nor filed a responsive pleading in this action. (See, generally, Dkt.). The clerk entered default against defendant, (Dkt. 21, Default by Clerk), and plaintiff filed the instant Motion, seeking default judgment against defendant. (Dkt. 23, Motion).

Upon entry of default, the well-pled factual allegations of the complaint are taken as true, with the exception of allegations concerning the amount of damages. See Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). Even where well-pled allegations exist, "[t]he district court's decision whether to enter a default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion to decide whether default judgment should be entered, the court considers several factors, including the merits of plaintiff's substantive claim and the sufficiency of the complaint. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "Under an Eitel analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together." Dr. JKL Ltd. v. HPC IT Educ. Ctr., 749 F.Supp.2d 1038, 1048 (N.D. Cal. 2010). These two factors require plaintiff to "state a claim on which [it] may recover[.]" See Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978).

The court first addresses plaintiff's federal trademark infringement claim. Plaintiff brings

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-8830 FMO (AGRx) | Date | July 14, 2020 |
|---|---|---|---|
| Title | AdoreMe, Inc. v. Daniel Giovanni Watson | | |

its federal trademark infringement claim pursuant to the Lanham Act, 15 U.S.C. § 1114. (Dkt. 1, Complaint at ¶¶ 45-52). According to plaintiff, for the court to find defendant liable for trademark infringement, plaintiff must show that "(1) it has a valid, protectable trademark, and (2) Defendant's use of the mark is likely to cause confusion." (Dkt. 23, Motion at 8). But a trademark infringement plaintiff "must also establish that the defendant's use of the mark . . . was 'in commerce' and 'in connection with the sale, offering for sale, distribution, or advertising of any goods or services.'"[1] Vapor Spot, LLC v. Breathe Vape Spot, Inc., 2015 WL 12839123, *3 (C.D. Cal. 2015); see 15 U.S.C. § 1114(1) (statute indicating that a plaintiff must show that the infringer used plaintiff's mark "in commerce" or intended to use plaintiff's mark in commerce); see also Bosley Med. Inst., Inc. v. Kremer, 403 F.3d 672, 676 (9th Cir. 2005) ("Infringement claims are subject to a commercial use requirement."); Aviva USA Corp. v. Vazirani, 902 F.Supp.2d 1246, 1256 (D. Ariz. 2012) ("Thus, a use that does not meet this requirement, i.e., a noncommercial use, cannot create liability under [the relevant sections] of the Lanham Act.").

Plaintiff's Motion does not address defendant's use of its marks in commerce or any intended use of its marks in commerce, (see, generally, Dkt. 23, Motion), and the conclusory allegations in plaintiff's Complaint regarding any commercial use of its marks by defendant are insufficient to state a claim. For instance, plaintiff's allegation that "Defendant has used and continues to use Adore Me's Marks in connection with offering scouting services in interstate commerce" lacks any specification or instances where defendant used Adore Me's marks while offering scouting services. (Dkt. 1, Complaint at ¶ 47). Rather, plaintiff alleges that defendant only pretended to offer scouting services in order to trick victims into providing intimate photos of themselves. (See id. at ¶¶ 17-38). Plaintiff also alleges that "Defendant has profited and will continue to profit from his unlawful actions because the intimate photographs of his victims are highly valuable and the private property of those women." (Dkt. 1, Complaint at ¶ 50). Again, plaintiff has failed to provide any factual allegations that defendant actually profited or has plans to profit from these photographs. (See, generally, id.).

Plaintiff's allegations supporting its Lanham Act false advertising claim, see 15 U.S.C. § 1125(a), are similarly deficient. (See Dkt. 1, Complaint at ¶¶ 53-58). Plaintiff brings its false advertising claim under 15 U.S.C. § 1125(a)(1)(B), which "prohibits a person from misrepresenting the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities in commercial advertising or promotion." Alfasigma USA, Inc. v. First Databank, Inc., 398 F.Supp.3d 578, 590 (N.D. Cal. 2019) (alterations and internal quotation marks omitted). Though the Lanham Act does not define "commercial advertising or promotion,"

---

[1] For the purposes of the Lanham Act, the term "use in commerce" means "the bona fide use of a mark in the ordinary course of trade[.]" 15 U.S.C. § 1127. The statute goes on to explain that "a mark shall be deemed to be used in commerce . . . on services when it is used or displayed in the sale or advertising of services and the services are rendered in commerce, or the services are rendered in more than one State or in the United States and a foreign country and the person rendering the services is engaged in commerce in connection with the services." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 19-8830 FMO (AGRx)** | Date | **July 14, 2020** |
|---|---|---|---|
| Title | **AdoreMe, Inc. v. Daniel Giovanni Watson** | | |

the Ninth Circuit has defined the phrase, stating as follows:

> In order for representations to constitute "commercial advertising or promotion under Section 43(a)(1)(B), they must be: (1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services. While the representations need not be made in a "classic advertising campaign," but may consist instead of more informal types of "promotion," the representations (4) must be disseminated sufficiently to the relevant purchasing public to constitute "advertising" or "promotion" within that industry.

Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co., 173 F.3d 725, 734-35 (9th Cir. 1999); see also Edward Lewis Tobinick, MD v. Novella, 848 F.3d 935, 950 (11th Cir. 2017) ("The Lanham Act prescribes liability for false advertising to 'commercial advertising or promotion.' Commercial advertising or promotion includes (1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services; and (4) the representations must be disseminated sufficiently to the relevant purchasing public to constitute advertising or promotion within that industry. . . . Commercial speech is expression related solely to the economic interests of the speaker and its audience.") (alterations, citations, and internal quotation marks omitted); Aviva USA Corp., 902 F.Supp.2d at 1256 ("By requiring that infringement occur in connection with (the sale of) any goods or services, infringement claims brought under [the false advertising section are] subject to a commercial use requirement."). Plaintiff's Complaint does not sufficiently address the question of whether defendant's use of plaintiff's mark constituted "commercial advertising or promotion," as required by the Lanham Act's false advertising provision. (See, generally, Dkt. 1, Complaint).

Plaintiff also brings several state law claims, including a state-law trademark infringement claim and a state-law false advertising claim. (Dkt. 1, Complaint at ¶¶ 59-63, 73-76). Plaintiff's Motion does not differentiate between the legal tests governing the respective state and federal claims, (Dkt. 23, Motion at 8 & 10), so the court will not address them separately here.

Finally, the court is skeptical of the sufficiency of the support for plaintiff's damages claims. "To recover damages after securing a default judgment, a plaintiff must prove the relief it seeks through testimony or written affidavit." Yelp Inc. v. Catron, 70 F.Supp.3d 1082, 1100-01 (N.D. Cal. 2014). "This . . . requires the Court to assess both (1) the nature of the relief requested in the Complaint and (2) the evidence [plaintiff] has submitted to substantiate its damages beyond averments in the pleadings." Stewart Title Guar. Co. v. 2485 Calle Del Oro, LLC, 2018 WL 3222610, *20 (S.D. Cal. 2018). Courts apply the preponderance of the evidence standard to a plaintiff's damages case on default judgment. See, e.g., Conecciones Agricolas S. De R.L. De C.V. v. Organic All., Inc., 2014 WL 1954269, *3 (S.D. Cal. 2014) ("Upon review of Ayers' declaration and the account liquidation table, the Court finds that Plaintiff [on default judgment] has not established by a preponderance of the evidence that it is entitled to $134,440.56 in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-8830 FMO (AGRx) | Date | July 14, 2020 |
|---|---|---|---|
| Title | **AdoreMe, Inc. v. Daniel Giovanni Watson** | | |

damages."); F.D.I.C. v. Hawker, 2013 WL 1314153, *3 (E.D. Cal. 2013) ("I find that [plaintiff on default judgment] has proved by a preponderance of the evidence the amount of the damages for each loan as described i[n] more detail below.").

Here, plaintiff submitted only the declaration of Charlotte Morgan, plaintiff's General Counsel. (See Dkt. 23-2, Declaration of Charlotte Morgan in Support of Adore Me's Motion for Default Judgment ("Morgan Decl.")). However, Ms. Morgan's declaration does not sufficiently establish her qualifications and competency to assess and calculate plaintiff's damages.[2] Further, Ms. Morgan supports her assertions with potentially inadmissible evidence. As one example, she supports her averment that "approximately 1% of people who visit a company's social media will ultimately make a purchase on the company's platform" with a citation to a link to a website upon which the court has no basis to rely. (See id. at ¶ 27). In short, plaintiff does not appear to have proved up the relief it seeks by a preponderance of the evidence.

Given the insufficiency of plaintiff's allegations supporting its federal trademark infringement and false advertising claims, as well as the problems with its claim for damages, the court exercises its discretion to decline to enter default judgment at this time. See Eitel, 782 F.2d at 1471-72.

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Motion **(Document No. 23)** is **denied without prejudice**.

2. No later than **July 21, 2020**, plaintiff shall file its First Amended Complaint ("FAC") attempting to address the issues set forth in this order. No later than **July 23, 2020**, plaintiff shall file a proof of service indicating that it has served defendant with the FAC. Pursuant to the Court's Order of April 13, 2020, (Dkt. 18), plaintiff may serve the FAC upon defendant via email.

3. The FAC must be labeled "First Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case, i.e., Case No. CV 19-8830 FMO (AGRx). In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make its First Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Ramirez v. Cty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, the original pleading no longer performs any function[.]'") (citations and internal quotation marks omitted).

4. Plaintiff is cautioned that failure to timely file a FAC shall result in this action being

---

[2] Plaintiff should consider retaining an expert to substantiate its damages calculations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 19-8830 FMO (AGRx)** | Date | **July 14, 2020** |
|---|---|---|---|
| Title | **AdoreMe, Inc. v. Daniel Giovanni Watson** | | |

dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

    5. Plaintiff shall file a request for entry of default no later than seven (7) days after the deadline for defendant to file his answer or Rule 12 motion.[3] Plaintiff is hereby put on notice that failure to seek entry of default within seven (7) days after the deadline to file a response to the FAC shall result in the dismissal of the action. See Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388.

                                                                              00 : 00

Initials of Preparer      vdr

---

[3] Plaintiff is reminded that it should consider the number of claims upon which it seeks default judgment. To the extent the relief plaintiff seeks can be obtained under one claim, it is not necessary – and may only delay – to seek default judgment as to the other claims in the operative complaint.